HERMAN MAX, RESPONDENT, v. GUSTAV KAHN,
APPELLANT.

Argued June 29, 1917—Decided November 19, 1917.

1. Where the effect produced by a wrongful act is one which was
   intended, and is one which, in the usual course of events, would
   probably follow from the cause, the person putting such cause in
   motion will be responsible, even though there be intervening
   agencies between such cause and its consequences.
2. Conviction of crime may or may not affect the credibility of a
   witness; and whether or not, in a given case, it does or does not,
   is not a question of law to be decided by the court, but a ques-
   tion of fact for the jury. So, a request to charge that "Conviction
   of crime affects the credibility of a witness" was properly refused.
3. Where an instruction asked for is partly good and partly bad,
   it is proper to refuse it altogether, and a refusal to charge a
   request containing several propositions is not erroneous if any
   of them are unfounded.

On appeal from the Supreme Court.

For the appellant, *Edward Schoen*.

For the respondent, *Benjamin M. Weinberg*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appellant in this case
seeks to reverse a judgment entered against him in the court
below for slanderous words spoken by him of the respondent,
to the latter's damage. Among other losses which the re-
spondent averred had resulted from the slander was the termi-
nation of his employment by a man named Miller, which had
brought him in something like $20 a week, and his inability
to afterward obtain a position equally lucrative.

The first ground of appeal is that the trial court committed
error in its charge to the jury in dealing with this phase of
the case. The instruction complained of was as follows:
"The business loss, if you believe the plaintiff's testimony,
would be the loss of this position. * * * If he lost that

position, and subsequently went to work at $12, that would be the measure of his loss, so far as the business is concerned. You take into consideration the salary, if the contract of employment with Mr. Miller had been fulfilled, he would have received in that position; deducting from it what he received in another position in which he was afterward employed; and the difference for the length of time you believe from the testimony he would have received the higher salary would be his business loss."

The contention first advanced on the part of the appellant with relation to this instruction is that the court improperly left it to the jury to determine whether the discharge of the respondent by Miller was the result of the slanderous words spoken to the latter by the appellant, for the reason that Miller himself testified that he did not believe the slander, but discharged the respondent in order to avoid trouble with the appellant. But the instruction of the court was that if the jury believed "the plaintiff's testimony," &c.; and as very little of that testimony was returned with the record we cannot say that there was nothing in it to justify the court's statement, and the acceptance by the jury of the testimony of the respondent rather than that of Miller.

The appellant further contends that the instruction was erroneous, for the reason that the termination of respondent's employment resulted solely from Miller's wrongful act, and not from the slanderous words spoken by the appellant; that is to say, that there was no causal connection between the appellant's words and the respondent's wrongful discharge. We cannot concur in this view. If the purpose of the slander was to bring about the respondent's discharge, and did, in fact, produce that result, it would hardly do to say that the discharge was not the direct and natural consequence of the slander. Where the effect produced by the wrongful act is one which was intended, and is one which, in the usual course of events, would probably follow from the cause, the person putting such cause in motion will be responsible, even though there be intervening agencies between such cause and its consequences. In the case of *McDonald* v. *Snelling,* 14 *Allen* 290,

the rule upon this subject is correctly stated in the following words: "Where the defendant has violated a duty imposed upon him by the common law, it seems just and reasonable that he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct. This is the well-established and ancient doctrine of the common law, and such a liability extends to consequential injuries, by whomsoever sustained, so long as they are of a character likely to follow, and which might reasonably have been anticipated as the natural and probable result under ordinary circumstances of the wrongful act."

The only other ground of appeal is the refusal to charge a request submitted on the part of the appellant in these words: "Conviction of crime affects the credibility of a witness. The jury is justified in this case in taking into consideration the plaintiff's conviction of crime in determining the weight of his testimony." It will be perceived that this request contains two distinct propositions, first, the legal effect which proof of the conviction of crime has upon the credibility of a witness, and second, the right of the jury to take into consideration proof of the conviction of crime in determining the weight to be given to the testimony of a witness. If either one of those propositions is unsound, the trial judge properly refused the instruction requested; for it is entirely settled in this court that where an instruction asked for is partly good and partly bad, it is proper to refuse it altogether; and that the refusal to charge a request containing several propositions is not erroneous if any of them are unfounded. *Schreiber* v. *Public Service Railway Co.*, 89 *N. J. L.* 183; *State* v. *Reilly*, *Id.* 627. The first proposition contained in the request is, we think, unsound. Conviction of crime may or may not affect the credibility of a witness; and whether in a given case it does or does not is not a question of law to be decided by the court, but a question of fact for the jury. It was so held by this court in *State* v. *Henson*, 66 *Id.* 601.

We reach the conclusion, therefore, that both grounds of appeal are without legal merit and that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 11.

*For reversal*—None.